# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARIUS MAROY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-06-0776-F |
| ) | |
| ISIS, LLC OF OKLAHOMA, an ) | |
| Oklahoma limited liability company, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff's Complaint is before the court. The Complaint alleges that jurisdiction is founded upon diversity jurisdiction under 28 U.S.C. § 1332(a)(2). A court is required to inquire into its own jurisdiction. Here, that inquiry requires clarification of certain jurisdictional allegations.

I.

The Complaint alleges that plaintiff "is a citizen of a foreign state." (Complaint, ¶ 1.) If plaintiff uses the term "foreign state" as that term is used in 28 U.S.C. § 1332(a)(2), then, pursuant to the final paragraph of § 1332(a), plaintiff is required to state whether he has been admitted to permanent residence in the United States, and, if so, he needs to state his state of domicile. If, on the other hand, plaintiff uses the term "foreign state" to mean another state in the United States, then he needs to identify that other state of which he is a citizen. Accordingly, plaintiff is **DIRECTED** to file, within thirty days of the date of this order, a jurisdictional statement providing this information.

II.

The Complaint also alleges that defendant "is a Limited Liability Company organized under the laws of the State of Oklahoma, having its principle [sic] place of business in Garvin County, State of Oklahoma." (Complaint, ¶ 2.)

The Tenth Circuit has not specifically ruled with respect to the method of determining the citizenship of a limited liability company for purposes of diversity jurisdiction. However, other courts have determined that the citizenship of a limited liability company is the citizenship of its members. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48, 51-52 (2d Cir. 2000); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); Hale v. MasterSoft Intern. Pty., Ltd., 93 F. Supp. 2d 1108, 1112 (D. Colo. 2000); Keith v. Black Diamond Advisors, Inc., 48 F. Supp. 2d 326, 329-30 (S.D. N.Y. 1999); International Flavors & Textures, LLC v. Gardner, 966 F. Supp. 552, 554-55 (W.D. Mich. 1997). *See generally*, 15 Moore's Federal Practice and Procedure, § 102.57[8] regarding the uniformity of rulings from other circuits on this issue.

As it stands, the record does not reflect the citizenship of all of the members of the defendant limited liability corporation. As it is plaintiff's burden to allege facts in support of jurisdiction, plaintiff is **DIRECTED** to file, within thirty days of the date of this order, a jurisdictional statement identifying all members of ISIS, LLC of Oklahoma and specifying their citizenship. If any of the members of ISIS, LLC of Oklahoma are themselves limited liability companies, then plaintiff shall identify those limited liability companies and specify their citizenship as well.

If the information described in the preceding paragraph is not available to plaintiff, then the filing of this portion of the jurisdictional statement is excused. In that event, counsel for all parties should expect this issue to be addressed at the

scheduling conference and should come to the conference prepared to discuss the issue and to inform the court of all jurisdictional facts.

Dated this 21st day of July, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0776p001(pub).wpd