# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARIUS MAROY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-06-0776-F |
| | ) |
| ISIS, LLC OF OKLAHOMA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

"Defendants' Motion for Partial Summary Judgment," filed November 20, 2006, is before the court. (Doc. no. 21.) Plaintiff has responded, and the motion is ready for determination.

### Standards

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must come forward with specific

evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial.  Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

## Discussion

In this action, plaintiff Marius Maroy seeks damages from defendant ISIS, LLC, based on a finder's fee agreement pursuant to which plaintiff was to seek out and provide investors for operations on defendant's oil and gas drilling project located in McClain County, Oklahoma.  Plaintiff alleges that he is entitled to damages on two theories:  on the theory that defendant breached the finder's fee agreement, and alternatively, on a quantum meruit theory of recovery.

Only the quantum meruit claim is challenged by this motion.  Defendant argues that plaintiff cannot recover for damages in quantum meruit because a contract governs plaintiff's compensation; defendant argues that quantum meruit damages should especially not be available here, where the governing contract provides for no payment until an investment is actually made by an investor presented by the plaintiff and where that condition has not been met.  Plaintiff admits the contract contains the condition for payment, but points out that there is an issue in this case as to whether the contract is valid.  (Plaintiff presents no evidence to controvert defendant's contention that no investment was actually made, but argues that this fact is immaterial.)

Defendant relies on McCurdy Group, LLC v. American Biomedical Group, Inc., 9 Fed. Appx. 822, 827 (10th Cir. 2001), an unpublished decision that applies Oklahoma law.[1]  McCurdy states that a party cannot proceed with a quantum meruit theory of recovery if there is an express contract covering the subject of the dispute (which is the case here by virtue of the finder's fee agreement).  McCurdy quotes

---

[1] Unpublished orders and judgments of the Tenth Circuit are not binding precedents.  Tenth Circuit Rule 36.3.

Brown v. Wrightsman, 51 P.2d 761, 763 (Okla. 1935) for the proposition that the rule of quantum meruit applies only where there is no express contract. By seeking summary judgment on the quantum meruit claim alleged in the instant case, however, the defendant reads too much into the above proscription, just as the McCurdy decision commented that the defendant in that case did. McCurdy at 827.

McCurdy observed that although there were no Oklahoma cases directly on point, "the Oklahoma Supreme Court has indicated, in dicta, that a quantum meruit action can be brought despite the existence of an express contract and that evidence of the express contract can be admitted as a circumstance indicating the value of the services rendered by the plaintiff to the defendant. McCurdy, at 827. In McCurdy, Judge Lee R. West allowed both a breach of contract claim and a quantum meruit claim to go to the jury. The circuit upheld the district court's jury instructions, which advised: "if you find that plaintiff continued to render services to defendant after the date of termination of the contract, plaintiff may recover under the doctrine of quantum meruit for the reasonable value of those services." *Id*. at 827-28.

Plaintiff points out that in this case, defendant has alleged the invalidity of the finders' fee agreement, presenting an issue which was not present in the cases defendant cites in its brief. Thus, an initial question is whether there is a valid written contract. Nothing has been presented to suggest that this is anything other than a disputed fact question for the jury. If the jury determines that there was a valid finders' fee agreement, then the terms of the agreement will control and the jury will not be able to consider plaintiff's quantum meruit theory of recovery. As stated in Shumaker v. Hazen, 372 P.2d 873, 875 (Okla. 1962), a decision quoted in McCurdy, "There cannot be an express and an implied contract for the same thing existing at the same time." Shumaker, 9 Fed. Appx. at 827. On the other hand, if the jury decides that the written agreement was not valid, then plaintiff's quantum meruit claim is

viable, although the terms of the written agreement will most likely be admissible as a circumstance relevant to the value of plaintiff's services. *See*, McCurdy, 9 Fed. Appx. at 827.

The gist of defendant's position is that because plaintiff relies on plaintiff's expectation for payment under the terms of the contract, and because that expectation was for nil if the condition stated in the agreement was not met, and because it is undisputed that condition was not met, plaintiff cannot recover quantum meruit damages as a matter of law even as an alternative measure of damages which would apply only if the contract is invalid. It is a plausible theory, but defendant has cited no authority to support it as grounds for summary judgment. The court finds and concludes that it would be premature to grant judgment as a matter of law on plaintiff's quantum meruit claim at this stage.

## Conclusion

After careful consideration of the parties' submissions, the record, and the relevant authorities, the court finds and concludes that there are genuine issues of material fact, and that it would be inappropriate to award defendant judgment on plaintiff's alternative quantum meruit theory of liability at this stage. Defendant's motion for partial summary judgment is **DENIED**.

Dated this 15th day of December, 2006.

[signature]

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0776p005(pub).wpd