# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARIUS MAROY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-06-0776 -F |
| | ) |
| ISIS, LLC OF OKLAHOMA, | ) |
| an Oklahoma limited liability company, | ) |
| | ) |
| Defendant. | ) |

## ORDER

"Defendant's Motion for Summary Judgment on All Claims," filed January 18, 2007, is before the court. (Doc. no. 34.) Plaintiff has responded, defendant has replied, and the motion is ready for determination. This action alleges breach of contract and *quantum meruit* theories of recovery. Defendant seeks summary judgment on both theories.

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the

moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial.  Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

Defendant argues that plaintiff's breach of contract claim is foreclosed because all of the conduct alleged by the plaintiff is conduct that does not violate the finders fee agreement between the parties, and because "the gratuitous representation...that Plaintiff would be paid" is not enforceable against the defendant.  (Moving brief, p. 1.)  This order need not address the enforceability of "the gratuitous representation," because plaintiff does not contend the representation constitutes an enforceable contract and the complaint does not mention that representation.  Accordingly, the only breach of contract claim addressed here is the alleged breach of the finders fee agreement.  In essence, that agreement provided that plaintiff would be paid his finders fee if and when an investor who was presented by the plaintiff actually invested in defendant's East Blanchard Oil and Gas Drilling Project.

Plaintiff argues that defendant breached express provisions in the finders fee agreement and that defendant's conduct also breached the implied duty of good faith and fair dealing which is implicit in every Oklahoma contract.  Worldlogics Corp. v. Chatham Reinsurance Corp., 108 P.3d 5 (Okla. Civ. App. 2004).  Specifically, plaintiff argues that defendant breached its implied duties by intentionally thwarting plaintiff's prospective investor so as to avoid paying plaintiff's finders fee.  *See*, Smith v. Gibraltar Oil Company, 254 F.2d 518, 522 (10th Cir. 1958)  (broker's action for recovery of a commission, applying Oklahoma law;  stating that a principal owes a duty of good faith in the bargaining process which keeps the principal from "stand[ing] in the way of the result he has commissioned his agent to accomplish" and further stating that the principal "must ... show reasonable ground or show reasonable cause for refusing to execute a tendered contract upon his own terms").  *Id*.

For example, plaintiff has identified evidence suggesting that despite assurances by defendant that defendant would provide reserve reports to a Norwegian investor identified by plaintiff, defendant did not do so. Although defendant argues that the finders fee agreement did not require production of the reports, the finders fee agreement references the parties' agreements as set forth in their letter of understanding. The letter of understanding states that plaintiff will need from defendant "as much documentation as possible on the oil find, geology, maps, seismic surveys and other data that would help convince the potential investors...production potential and reserves." Accordingly, a fact question exists as to whether defendant breached an express agreement to provide the reserve report. A fact question also exists as to whether defendant's alleged failure to produce the report was a purposeful failure intended to thwart plaintiff's entitlement to a fee. Plaintiff has also presented an affidavit from the prospective investor which is sufficient to create a fact question as to whether the investor would have invested, had the reserve information been provided. These and other genuine issues of material fact preclude summary judgment on the contract claim.

As for the *quantum meruit* claim, both parties now appear to contend that the finders fee agreement is a valid, enforceable contract.[1] If this remains their position at trial, it is unlikely that plaintiff will need his *quantum meruit* theory of recovery, which is an alternative theory of recovery. Nevertheless, as there is no formal stipulation before the court concerning the enforceability of the finders fee agreement, the court declines to dismiss the *quantum meruit* claim at this stage. It does, however,

---

[1]Defendant's arguments and evidence reference and depend upon the finders fee agreement. Recognizing this, plaintiff's brief states that "[i]f the legal validity of the FFA remains undisputed, a cause of action for *quantum meruit* is unnecessary for the reasons cited in McCurdy [ Group LLC v. American Biomedical Group, Inc., 9 Fed. Appx. 822, 827 (10th Cir. 2001) citing Shumaker v. Hazen, 372 P.2d 873, 875 (Okla. 1962).

reject defendant's argument that it is entitled to summary judgment on the *quantum meruit* claim. That argument is based on defendant's contention that plaintiff's services conferred no benefit on defendant. The court agrees with the plaintiff that, at a minimum, plaintiff's work provided a back-up investor to the defendant. Although plaintiff presents no evidence to support this point, it is a matter of common sense. The court concludes that defendant is not entitled to summary judgment on the *quantum meruit* claim.

After careful consideration of the parties' submissions, the record, and the relevant legal authorities, defendant's motion for summary judgment is **DENIED**.

Dated this 7th day of March, 2007.

_____

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0776p012(pub).wpd